IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney David Young, #345281, | ) | C/A No.: 1:14-2247-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Dept. of Corrections; Lt. Patrick; Capt. Wright; Ofc. Sabrina Risher; Ofc. Jeffrey Masley; Ms. Valerie Jackson; Ms. J. Brown; Sgt. Green; and Warden Leven Cohen, | ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rodney David Young, proceeding pro se and in forma pauperis, is an inmate incarcerated at Ridgeland Correctional Institution ("RCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges violations of 42 U.S.C. § 1983 against SCDC and the following SCDC employees: Lt. Patrick; Capt. Wright; Ofc. Sabrina Risher; Ofc. Jeffrey Masley; Ms. Valerie Jackson; Ms. J. Brown; Sgt. Green; and Warden Leven Cohen ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual Background

Plaintiff contends that he returned to his cell on January 13, 2014, to find his cellmate in handcuffs. [Entry #1 at 4]. Risher informed Plaintiff that his cellmate was caught using a cellphone. *Id.* Plaintiff alleges that when SCDC officers later interviewed him, he told them that the cellphone was not his and that he wished to exercise his Fifth Amendment rights. *Id.* Plaintiff and his cellmate received a misbehavior report the following day. *Id.* Plaintiff alleges that the facility went on security lockdown during this period and he was not able to prepare for his disciplinary hearing. *Id.*

On January 27, 2014, Plaintiff appeared for his hearing, and the hearing officer rejected his witness list. *Id.* Plaintiff contends that the hearing officer found him guilty because no one claimed ownership of the cellphone. *Id.* The hearing officer sanctioned Plaintiff to 180 days lock up, loss of all privileges, and loss of his hardship request to transfer to a facility closer to his family. *Id.* Plaintiff also complains about the conditions of his confinement, verbal abuse by the guards, denial of access to courts, and the inability to file a grievance. *Id.* at 5–6. Plaintiff seeks injunctive relief and compensatory damages. *Id.* at 7.

II.  Discussion

A.  Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Due Process

Plaintiff contends that his conviction for possession of a cellphone violated due process. [Entry #1 at 5–7]. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Plaintiff provides no facts indicating that his disciplinary conviction resulted in the loss of any good-time credits or that the disciplinary proceedings resulted in an increase in the sentence imposed. Plaintiff also fails to plead sufficient facts to establish that his disciplinary conviction imposed an atypical or significant hardship. Although Plaintiff alleges that there are no cell checks for his seizure disorder, that his cell has no lights and is covered in unsanitary water, and that he is deprived of showers and access to his mail [Entry #1 at 6], he provides no facts indicating that his experience in lock up was significantly different from his placement in a regular cell. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) ("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the

4

denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison . . ."). Because Plaintiff fails to show that the challenged disciplinary conviction implicated a protected liberty interest, Plaintiff's due process claim against Defendants is subject to summary dismissal.

2.      Verbal Abuse

Plaintiff claims that Wright and Patrick made fun of him for taking psychiatric medication. [Entry #1 at 5]. Such allegations fail to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007); *Wilson v. McKeller,* 254 Fed. Appx. 960, 961 (4th Cir. 2007) (finding that verbal assault, standing alone, is not a cognizable injury in a 1983 civil rights action). While such behavior is reprehensible, it does not give rise to a cognizable claim pursuant to § 1983. Plaintiff's verbal abuse claims are subject to summary dismissal.

3.      Denial of Access to Courts

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim was frustrated or impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific

5

allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff alleges that he was unable to perfect his appeal and post-conviction relief application, but he provides no facts to demonstrate that Defendants' actions prejudiced or impeded any specific non-frivolous legal action. Plaintiff's conclusory allegations of actual injury and prejudice are insufficient to state a cognizable court access claim and it should be summarily dismissed. *See Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action).

    4.    Grievance Process

Plaintiff alleges that informal resolutions are unavailable, thereby preventing him from using the grievance system to challenge constitutional violations. [Entry #1 at 6]. A prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, C/A No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Plaintiff's claim that informal resolutions are unavailable does not state a cognizable claim under § 1983.

6

5.	Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (providing that South Carolina has not consented to suit in federal district court). As a state agency, SCDC is immune from Plaintiff's claims for damages or injunctive relief under § 1983, and the undersigned recommends it be summarily dismissed from the action.

III.	Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 19, 2014                                             Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).